**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

FEB 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NAJI SLEMAN,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 05-74857<br><br>Agency No. A079-788-199<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2010[**]
Pasadena, California

Before: WARDLAW and CALLAHAN, Circuit Judges, and SEDWICK,[***]
District Judge.

Naji Kiryakos Sleman ("Sleman") appeals the Board of Immigration

Appeals' ("BIA") decision affirming the denial of his application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We affirm the BIA.[1]

**1.** We review for substantial evidence the BIA's denial of asylum, withholding of removal, and CAT relief. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). That is, record evidence must compel reversal. *Id*. at 483-84. Sleman may carry his burden to prove asylum eligibility by demonstrating that he is unable to return to his country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1). He may demonstrate past persecution by showing (1) incidents rising to the level of persecution (2) on account of a statutorily protected ground (3) committed by the government or forces that the government is unable or unwilling to control. *Baballah v. Ashcroft*, 335 F.3d 981, 987 (9th Cir. 2003).

**2.** Sleman has not made a compelling showing of past persecution on account of a statutorily protected ground. His brief 2002 detention and beating are insufficient to constitute past persecution, standing alone. *See, e.g., Gu v.*

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

*Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006). Sleman's claims of army mistreatment are undercut by his failure to mention the mistreatment contemporaneously to his uncle or in his first asylum application completed at the border. Also, Sleman's testimony does not compel the conclusion that he was mistreated in the army due to his political or religious beliefs, rather than disciplined for his insubordination. *Cf. Mihalev v. Ashcroft*, 388 F.3d 722, 727 (9th Cir. 2004).

3.      Because Sleman has not shown past persecution, the BIA did not abuse its discretion in ruling that Sleman had not suffered atrocious past persecution that might merit a favorable exercise of discretion in the absence of a well-founded fear of future persecution (*i.e.*, humanitarian asylum). *See, e.g.*, *Matter of Chen*, 20 I. & N. Dec. 16, 21 (BIA 1989).

4.      Since Sleman has not shown past persecution, he is not entitled to a presumption of a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1). Nonetheless, he might be entitled to asylum if he has demonstrated an objectively reasonable, well-founded fear of future persecution. *See Velarde v. INS*, 140 F.3d 1305, 1309 (9th Cir. 1998). The record does not compel this conclusion. First, the BIA rationally construed an ambiguous record concerning the current situation of Iraqi Christians: some record evidence describes good Christian-Muslim relations

and Christian hopes for greater religious freedom, while other evidence describes anti-Christian violence and Christian exclusion from governmental institutions. The BIA's determination is entitled to deference. *See generally Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir. 2003). Second, the BIA was entitled to weigh evidence that Sleman's entire Chaldean Christian family continues to reside unharmed in Iraq. *See Hakeem v. INS*, 273 F.3d 812, 817 (9th Cir. 2001). Finally, Sleman may not establish asylum eligibility based on Iraq's generally violent conditions. *See Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998).

**5.** Sleman's claim for withholding of removal fails because he did not meet his burden under the less-stringent asylum standard. *See Ghaly v. INS*, 58 F.3d 1425, 1428-29 (9th Cir. 1995).

**6.** Sleman has in essence waived his CAT claim on appeal and admitted its lack of merit by stating that he "cannot prove that the Iraqi government would torture him." *See* Fed. R. App. P. 28(a)(9)(A), *Rattlesnake Coal. v. U.S. EPA*, 509 F.3d 1095, 1100 (9th Cir. 2007); *see also* 8 C.F.R. §§ 208.16(c)(2), 208.18(a)(1).

Accordingly, the petition for review is **DENIED.**